UNITED STATES DISTRICT COURT          07 cv 11108
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARY HERMAN,

                              Plaintiff,        **COMPLAINT**

    -against-

NEW YORK CITY, CORRECTION OFFICER
RODRIGUEZ SHIELD #10070 and         **JURY TRIAL DEMANDED**
UNIDENTIFIED CORRECTION OFFICERS,

                              Defendant(s).
------------------------------------------------------------X

The plaintiff, complaining of the defendants, by his attorney, FRED LICHTMACHER, ESQ., respectfully shows to this Court and alleges:

## JURISDICTION

1     Jurisdiction is founded upon the existence of a Federal Question.

2     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3     Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4     Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (2).

## PARTIES

5     That the plaintiff, GARY HERMAN, is a resident of Kings County in the City and State of New York.

6     Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendant

CORRECTION OFFICER RODRIGUEZ SHIELD #10070 (hereinafter, Rodriguez) was acting for, upon, and in furtherance of the business of his employer and within the scope of his employment.

7      Upon information and belief, that at all times hereinafter mentioned, Rodriguez was employed by the defendant, NYC, as a member of its Department of Corrections (DOC).

8      Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled DOC, including all the corrections officers thereof.

9      DOC, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of DOC is responsible for the policies, practices and customs of the DOC as well as the hiring, screening, training, supervising, controlling and disciplining of its correction officers and civilian employees and is the final decision maker for that agency.

10     This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the common law of the State of New York.

11     Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

**STATEMENT OF FACTS**

12     In June of 2006, plaintiff Gary Herman was incarcerated at the Barge in Bronx County, New York.

13     While incarcerated at the Barge, plaintiff was permitted to wear his civilian clothes

including his sneakers.

14    On June 19, 2006, at approximately 4:30 AM, correction officers were conducting a prison wide search.

15    Rodriguez, accompanied by two unidentified correction officers, approached plaintiff and asked him for his sneakers.

16    Plaintiff questioned why he was the only inmate being asked to turn over his sneakers.

17    Rodriguez became verbally aggressive toward plaintiff and indicated that he wanted to fight.

18    Plaintiff informed Rodriguez he had just undergone heart surgery and could not fight him.

19    When plaintiff did not comply with Rodriguez's demands quickly enough, the defendants proceeded to punch plaintiff in the face.

20    The defendants punched plaintiff several times, and hit him with an asp across the face.

21    Plaintiff had to be taken to Lincoln Hospital for his injuries, where he received treatment for a broken nose, 13 stitches for a laceration t his forehead, as well as numerous sutures on his face and arm for the wounds inflicted by the assault from the defendants.

22    Upon his return to the Barge, plaintiff was served with a ticket generated by Rodriguez falsely charging the plaintiff with Assault on Staff, Physically Resisting Staff, and Refusal to Obey Direct Order.

23    The day after plaintiff returned from the hospital, he was immediately transferred to Rikers Island, and approximately a week later he was released.

24    Plaintiff's face is scarred due to this incident, his nose is disfigured and he has other ongoing physical and emotional harms.

**AS AND FOR A FIRST CAUSE OF ACTION  
ON BEHALF OF PLAINTIFF  
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO  
42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH  
AMENDMENTS VIA THE USE OF  
EXCESSIVE AND UNREASONABLE FORCE**

25   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

26   That the plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendants who assaulted him.

27   That the said assault and battery of the plaintiff was effected by the defendants without authority of law and without any reasonable necessity to use any force much less the excessive force that he employed and the force employed was used without legal justification, without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

28   As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution being more particularly plaintiff's right to be free from the use of excessive and unreasonable force.

29   That all the defendants who were present for the beating of the plaintiff, who had the opportunity to intervene and failed to do so, are liable to the plaintiff via their failure in their affirmative duty to intervene to prevent the violations of plaintiff's civil rights.

30   That by reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically requiring him to receive medical treatment, including but not limited to, sutures,

hospitalization, scarring, he was subjected to physical pain, loss of bodily function, humiliation, embarrassment, anxiety, he was subjected to various ongoing physical and emotional harms and he was otherwise harmed.

31    That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, he is entitled to an award of punitive damages, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH
AMENDMENT BY DEFENDANT NEW YORK CITY
i.e., MONELL CLAIM**

32    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

33    That the plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendant, NYC.

34    Defendant NYC and unidentified correction officers who were supervisors and final decision makers, as a matter of policy and practice, have acted with callous, reckless and deliberate indifference to plaintiff's rights under the Constitution and laws of the United States, in that they failed to adequately discipline, sanction, train, retrain, supervise or otherwise direct correction officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the above-mentioned conduct.

35    Defendant NYC as well as unidentified correction officers who were participants, supervisors and final decision makers as a matter of policy and practice, have with deliberate

indifference failed to properly train, discipline, sanction and retrain correction officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by the use of excessive and unreasonable force and in so failing the defendant NYC has caused, encouraged, condoned and allowed the individual defendants in this case to engage in the aforementioned unlawful conduct without fear of consequences for his illegal acts which did cause the plaintiff to be subjected to deprivations of his civil rights.

36   That the defendant municipality, NYC, alerted to the possible use of excessive force by its correction officers, by repeated complaints of the use of excessive force, exhibited deliberate indifference thereto in that it was obvious to NYC that there was a need for more and/or improved supervision of correction officers in order to protect against constitutional violations and in spite of. repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

37   That the defendants in the instant matter have had repeated complaints against them of excessive force which the City has failed to address, and in so failing NYC has caused the violations of plaintiff's civil rights in the instant matter.

38   That by reason of the aforementioned, plaintiff was harmed physically requiring him to receive medical treatment, including but not limited to, sutures, hospitalization, plaintiff was scarred, he was subjected to physical pain, loss of bodily function, humiliation, embarrassment, anxiety, he was subjected to various ongoing physical and emotional harms, he was pecuniarily harmed and he was otherwise harmed.

39   That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and that an award of attorney's fees is

appropriate pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, plaintiff demands judgment against the defendants in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages on the First Cause of Action, in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the Second Cause of Action, Action, along with reasonable attorney's fees pursuant to 42 U.S.C. § 1988 on all causes of actions together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: December 7, 2007
      New York, New York

      FRED LICHTMACHER (FL-5341)
      Attorney for Plaintiff
      The Empire State Building
      350 5th Avenue, Suite 7116
      New York, New York 10118
      (212) 922-9066

To:    Michael Cardozo
        Corporation Counsel City of New York
        100 Church Street
        New York, New York 10007